UNITED STATES DISTRICT COURT
IN THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ROBERT T. LINGENFELTER AND SHERRY L. DIODATO, INDIVIDUALLY AND AS THE DULY-APPOINTED PERSONAL REPRESENTATIVES OF THE ESTATE OF ROBERT W. LINGENFELTER, | ) ) ) ) ) ) | C/A No. 3:10-2590-JFA |
| Plaintiffs and Counter-Defendants, | ) ) ) | **ORDER FOR ENTRY OF JUDGMENT** |
| v. | ) ) | |
| ALCATEL-LUCENT SAVINGS PLAN, ALCATEL-LUCENT USA INC., AND FIDELITY INVESTMENTS INSTITUTIONAL SERVICES COMPANY, INC., | ) ) ) ) ) ) | |
| Defendants, Counter-Claimants, and Third-Party Plaintiffs in Interpleader, | ) ) ) ) ) | |
| DENISE GRAHAM and JESSIE D. LINGENFELTER. | ) ) ) | |
| Third-Party Defendants in Interpleader | ) ) ) ) | |

This matter is before the Court upon Joint Motion of the Plaintiffs and Counter-Defendants Robert T. Lingenfelter and Sherry L. Diodato, individually and as the duly-appointed personal representatives of the Estate of Robert W. Lingenfelter, and Third-Party Defendants, Denise Graham and Jessie D. Lingenfelter for Entry of Judgment.

# FACTS

1. Defendant/Counterclaim-Plaintiff Alcatel-Lucent USA, Inc. ("Plan Sponsor") sponsors and maintains Defendant/Counterclaim-Plaintiff Alcatel-Lucent Savings Plan ("Plan"). Defendant/Counterclaim-Plaintiff Fidelity Investments Institutional Services Company, Inc. ("Fidelity") provides services to the plan pursuant to contractual arrangement.

2. Robert W. Lingenfelter ("the Decedent") was a former employee of Plan Sponsor and a participant in the Plan.

3. Decedent died August 6, 2009. At the time of the Decedent's death, the beneficiary or beneficiaries of the Decedent's Plan benefits became entitled to payment from the Plan.

4. As of June 24, 2011, the benefit due and payable under the Plan was approximately $323,315.84 (the "Plan Balance").

5. Plaintiff Robert T. Lingenfelter ("Robert"), Plaintiff Sherry L. Diodato ("Sherry"), and Third-Party Defendants Jessie D. Lingenfelter ("Jessie") and Denise Graham ("Denise") each hold a potential claim to the Plan Balance.

6. Robert, Sherry, and Jessie claim to be beneficiaries under the Plan pursuant to documents dated May 17, 2005 that were purportedly received by the Plan after Decedent's death or, alternatively, as the heirs at law. Robert,

Sherry, and Jessie are citizens of North Carolina, New Jersey and South Carolina, respectively.

7. Denise holds a potential interest in the Plan Balance pursuant to a beneficiary designation form on file with Fidelity, such form being dated February 24, 1997 and received by Fidelity on or about March 8, 1997. Denise is a citizen of South Carolina.

8. The Estate is a South Carolina estate being administered in Lexington County, South Carolina.

9. Robert and Sherry requested administrative review from the Plan, asserting that the 2005 documents submitted to the Plan should be treated as a valid beneficiary designation.

10. In May 2010, the Plan considered this request, and thereafter rendered a determination that the 1997 designation form was the operative designation.

11. Robert and Sherry, individually and on behalf of the Estate, thereafter initiated this civil action by filing a summons and complaint seeking a distribution of the Plan Balance to them.

12. The Estate also asserts it is the beneficiary under the default provisions of the Plan (Plan Sections 2.1(o) and 9.2(c) (iv)).

13. The Plan, the Plan Sponsor, and Fidelity filed an answer, counterclaim, and third-party complaint for interpleader of this action against persons holding a potential interest in the Plan Balance.

14. Denise and the Decedent divorced on January 20, 2006. Plaintiffs assert that Denise waived her right to said benefits in the divorce decree.

15. Robert and Sherry also later asserted that the 1997 beneficiary designation form was invalid as it was admittedly executed by Denise. Denise maintains that she was directed and authorized by Decedent to complete, execute and submit the 1997 beneficiary form on Decedent's behalf; however, Denise hereby withdraws any actual or potential claim to the Plan Balance based upon the 1997 beneficiary designation.

16. Likewise, Robert, Sherry, Jessie and the Estate withdraw their contention that the 2005 documents constituted a valid or binding designation of beneficiary.

17. Robert, Sherry, the Estate, Jessie and Denise (the "Interested Parties") now move for determination of the interpleader claim and, *inter alia*, for the Court to order, adjudge and decree that the Estate is the proper beneficiary of the Plan Benefits and order, adjudge and decree that the Plan, the Plan Sponsor, and Fidelity be discharged from any and all further liability to the other parties to this action, pursuant to 28 U.S.C. §§1335 & 2361.

18. The Plan, the Plan Sponsor, and Fidelity have advised through counsel that they take no position on the merits of the Interested Parties' claims, and do not oppose this motion.

## **PROCEDURAL HISTORY**

1. Robert and Sherry and the Estate filed their Complaint on October 5, 2010.

4

2. All parties to this action entered into settlement negotiations which resulted in several extensions of time being granted and which ultimately resulted in dismissal of this action under a Rubin Order on January 26, 2011.

3. The Parties were unable to finalize the settlement, which resulted in a March 25, 2011 motion to reopen this civil action filed by Robert, Sherry, and the Estate, which this Court granted on that same date

4. On March 28, 2011 the Plan, the Plan Sponsor, and Fidelity answered the Complaint.

5. On May 18, 2011 the Plan, the Plan Sponsor, and Fidelity filed an amended answer and counterclaim and third-party interpleader Complaint.

## **DISCUSSION**

Pursuant to this Motion for Determination of Interpleader, the Interested Parties move the Court to enter judgment on the findings set forth below.

1. The captioned action is a proper action or proceeding for interpleader under 28 U.S.C. § 1335 and for determination of the respective rights, if any, of Robert, Sherry, Jessie, Denise, or the Estate to the Plan Balance, and this Court has jurisdiction over the subject matter of this action and the parties thereto.

2. The 1997 beneficiary form should be declared invalid as it was not executed by the Decedent.

3. The May 2005 documents should be declared invalid as those documents do not comport with the requirements of the Plan for the changing or designation of a beneficiary under the Plan.

4. Because there is no valid beneficiary designation for the Decedent, the Plan Balance should be designated as due payable to the Estate under the default provisions of the Plan (Plan Sections 2.1(o) and 9.2(c)(iv)) and be administered and disbursed to the Estate as provided under the terms of the Plan.

5. The Plan, the Plan Sponsor, and Fidelity should be discharged from any and all liability to any and all parties immediately upon disbursement of the Plan Balance in accordance with this Order, without further action from this Court.

6. The Plan, the Plan Sponsor, and Fidelity should be dismissed from this action, including dismissal with prejudice.

7. Robert, Sherry, the Estate, Jessie, and Denise should be permanently restrained and enjoined from instituting or prosecuting any action or proceeding against each other, the Plan, the Plan Sponsor, or Fidelity arising out of, or related to, the Plan in any federal or state court. Likewise, the Plan, the Plan Sponsor, and Fidelity should be permanently restrained and enjoined from instituting or prosecuting any action or proceeding against Robert, Sherry, the Estate, Jessie, and Denise arising out of, or related to, the Plan in any federal or state court.

8. This Court should retain jurisdiction of this action for the determination of such further matters as properly come before the Court without limitation.

9. All parties are responsible for their own attorney's fees, costs, and expenses.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that:

1. The captioned action is a proper action or proceeding for interpleader under 28 U.S.C. §1335 and for determination of the respective rights, if any, of Robert, Sherry, Jessie, Denise, or the Estate to the Plan Balance, and this Court has jurisdiction over the subject matter of this action and the parties thereto.

2. The Interested Parties' Motion for Determination of Interpleader is granted.

3. The 1997 beneficiary form should be declared invalid as it was not executed by the Decedent.

4. The May 2005 documents should be declared invalid as those documents do not comport with the requirements of the Plan for the changing or designation of a beneficiary under the Plan.

5. Because there is no valid beneficiary designation for the Decedent, the Plan terms require that the Plan Balance be distributed to the Estate as the proper beneficiary pursuant to Plan Sections 2.1(o) and 9.2(c)(iv) and such distribution shall be made by check made payable to "The Estate of Robert W. Lingenfelter" mailed to Nekki Shutt, Esq., Callison Tighe & Robinson, LLC, PO Box 1390, Columbia, SC  29202-1390.

6. The Plan, the Plan Sponsor, and Fidelity are discharged from any and all liability to the Interested Parties upon disbursement of the Plan Balance to the Estate in accordance with this Order.

7. The Plan, the Plan Sponsor, and Fidelity should be dismissed from this action, including dismissal with prejudice.

8. Pursuant to 28 U.S.C. §2361, Robert, Sherry, the Estate, Jessie, and Denise should be, and hereby are, permanently enjoined from instituting or prosecuting any action or proceeding against each other, the Plan, the Plan Sponsor, and Fidelity arising out of, or related to the Plan, including any and all claims that were, or could have been, brought in the above-captioned action.  Pursuant to 28 U.S.C. §2361, the Plan, the Plan Sponsor, and Fidelity should be, and hereby are, permanently enjoined from instituting or prosecuting any action or proceeding against Robert, Sherry, the Estate, Jessie, and Denise arising out of, or related to the account of Robert W. Lingenfelter in the Plan, including any and all claims that were, or could have been, brought in the above-captioned action.

9. All parties are responsible for their own attorneys' fees, costs, and expenses.

10. This Court should retain jurisdiction of this action for the determination of such further matters as properly come before the Court.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

July 13, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge